MOLE CONSTRUCTION COMPANY, INC., *v.* DRAINAGE BOARD FOR THE TWELVE TOWNS RELIEF DRAINS.

1. Drains—Intracounty Drains—Bids for Construction Work.
   A drainage board for an intracounty drain operating under chapter of drain code pertaining to intracounty drains is merely required to advertise for and receive bids for performance of its construction work, is not required by such chapter to accept lowest bid, or, as an alternative, reject all bids received in the absence of incorporation of other parts of the code in the order or resolution of the board (PA 1956, No 40, § 221, as amended by PA 1960, No 4, §§ 471, 484).

2. Same—Intracounty Drain—Acceptance of Bid and Supplemental Bid.
   Action of intracounty drainage board in accepting bid for construction work and supplemental bid, the total of which was substantially below bid which plaintiff sought to have accepted *held,* not subject to judicial invalidation, where such action was not forbidden by pertinent provisions of the drain code under which defendant drainage board was acting (CLS 1956, § 280.461 *et seq.*).

Appeal from Oakland; Beer (William John), J. Submitted November 9, 1962. (Docket No. 75, Calendar No. 49,671.) Decided December 31, 1962.

References for Points in Headnotes
[1, 2] 43 Am Jur, Public Works and Contracts §§ 42–45.

Bill by Mole Construction Company, Inc., a Michigan corporation, and Lou DeMarco, resident and taxpayer, against Drainage Board for the Twelve Towns Relief Drains, and its members, to invalidate acceptance of competitive bid for drain construction work and to determine corporate plaintiff's bid lowest. Bill dismissed. Plaintiffs appeal. Defendants cross-appeal. Affirmed.

*Rollin D. Shull* and *Joseph A. Powers,* for plaintiffs.

*Robert P. Allen,* Assistant Corporation Counsel for Oakland County (*Claude H. Stevens,* of counsel), for defendants.

SOURIS, J.   Defendant intracounty drainage board advertised for bids for a portion of the Twelve Towns Relief Drains.   Six bids were received, ranging in amount from $1,370,000 to $1,470,000. The low bidder, Greenfield Construction Company, Inc., omitted from its bid a manhole for which other bidders had included in their bids amounts varying from $2,050 to $6,500.   Before acting upon the bids, the drainage board advertised for separate bids for the manhole omitted in Greenfield's proposal.   Only Greenfield submitted a bid for this single item, its bid being in the amount of $2,000.   Thereupon, the defendant board adopted a resolution providing for the acceptance of Greenfield's original low bid and its "supplemental" bid for the manhole, the total of the 2 bids being about $17,000 less than the next lowest bid which had been submitted by plaintiff Mole Construction Company, Inc.   Mole and its president, a resident and taxpayer of Oakland county in which the drainage board functions, instituted this suit to invalidate the board's resolution and for related relief.

After issue had been joined on the pleadings by the filing of defendants' answer and a reply thereto by plaintiffs, a hearing was held on an order to show cause issued upon filing of the bill of complaint and on a motion to dismiss filed by defendants. The chancellor and counsel for the parties apparently considered the matter submitted for determination on the pleadings, the exhibits attached to the pleadings, and briefs filed by the parties. The chancellor dismissed the bill of complaint and plaintiffs have appealed. The defendants have cross-appealed, challenging the standing of plaintiffs to sue.

Plaintiffs claim that contracts of the drainage board are subject to the requirements of section 221 of the drain code (CLS 1956, § 280.221, as amended by PA 1960, No 4 [Stat Ann 1961 Cum Supp § 11-.1221]) which requires that contracts be let to the lowest responsible bidder or all proposals be rejected and advertisements placed for new bids. They contend the practice followed by the drainage board in this case subverts the public policy reflected in the procedural requirements of section 221 and should not be countenanced. Had the board followed the requirements of section 221, plaintiffs claim it would have had to award the contract to Mole, the lowest responsible bidder whose bid included all items in the advertised specifications, or it would have had to reject all bids and to readvertise for new bids on the whole project. Were section 221 applicable to the defendant drainage board, we would be required to examine and discuss plaintiffs' claims in detail. However, the defendant board operates under the provisions of chapter 20 of the drain code of 1956, PA 1956, No 40, as amended (CLS 1956, § 280.461 *et seq.*, as amended [Stat Ann 1960 Rev and Stat Ann 1961 Cum Supp § 11.1461 *et seq.*]). See *Southfield* v. *Drainage Board,* 357 Mich 59. Section 471 of the code, a part of chapter

20, CLS 1956, § 280.471 (Stat Ann 1960 Rev § 11-.1471), merely requires that the drainage board advertise for and receive bids for performance of its construction work. It does not require acceptance of the lowest bid, nor does it require as the only alternative rejection of all bids received. Section 484 of the code, also a part of chapter 20, CLS 1956, § 280.484 (Stat Ann 1960 Rev § 11.1484), expressly negates the plaintiffs' claim that section 221 is nonetheless applicable to the defendant board. It provides:

"In operating under the terms of this chapter, the several boards and officials shall not be limited by the provisions contained in other chapters of this act and the procedures required under the terms of such other chapter shall not be deemed to be applicable: Provided, That when not contrary to the express provisions of this chapter, any provision or provisions in other chapters of this act may be incorporated by recital or by references into any order or resolution of the drainage board, and when so incorporated shall be deemed applicable to the project under this chapter."

Absent incorporation of section 221 by order or resolution of the drainage board, it cannot be said that the board had to accept the lowest responsible bidder who bid on all items in the specifications advertised or readvertise for the whole project. What was here done was not forbidden by the act's provisions applicable to the defendant board and, absent any claim of fraud or other misconduct, the action of the board in accepting Greenfield's original bid as supplemented may not be judicially invalidated.

In view of our conclusion on the substantive issue involved in this appeal, it is not necessary to con-

sider the issue presented by defendants' cross-appeal.

Affirmed. Costs to defendants.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, OTIS M. SMITH, and ADAMS, JJ., concurred .